**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JAMES SPELLS,**

     **Plaintiff,**

    v.

**SERGEANT KRISTOPHER VAN HOESEN et al.,**

     **Defendants.**

**9:18-cv-669
(GLS/TWD)**

_____

**APPEARANCES:**     **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Stoll, Glickman Law Firm   LEO GLICKMAN, ESQ.
475 Atlantic Avenue, Third Floor
Brooklyn, NY 11217

**FOR THE DEFENDANTS:**
Goldberg Segalla, LLP    JONATHAN M. BERNSTEIN,
8 Southwoods Boulevard, Suite 300 ESQ.
Albany, NY 12211

**Gary L. Sharpe
Senior District Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. Introduction**

Plaintiff James Spells brings this 42 U.S.C. § 1983 action against defendants Sergeant Kristopher Van Hoesen, Officer Joseph Puglisi,[1] Officer Jason Butterfield, Officer Nicholas J. Smith, and John Doe Correction Officers. (Compl., Dkt. No. 1.) Spells, a prisoner in custody of the New York State Department of Corrections and Community Supervision (DOCCS), alleges that defendants, who are Schenectady County Correction officials, assaulted him. (*Id.* ¶¶ 2, 6.) Pending is defendants' motion to dismiss. (Dkt. No. 8.) For the following reasons, that motion is denied.

**II. Background**

**A. Facts**[2]

On January 10, 2018, Spells was transported from a DOCCS facility to Schenectady County Jail, in connection with a hearing on a motion in

---

[1] The Clerk is hereby directed to amend the caption by changing the name of defendant Officer James Puglisi to Officer Joseph Puglisi. (Dkt. No. 8, Attach. 1 at n.1.)

[2] The facts are drawn from Spells' complaint and presented in the light most favorable to him.

Supreme Court in Schenectady County. (Compl. ¶ 9.) While in his cell, Spells told Van Hoesen that he needed to make a phone call; Van Hoesen denied the request and had a verbal exchange with Spells before moving on. (*Id.* ¶ 10.) Some minutes later, Van Hoesen returned and berated Spells. (*Id.* ¶ 11.) After the exchange between the two escalated, Van Hoesen pepper sprayed Spells. (*Id.* ¶¶ 12-13.) In self defense, Spells tried to knock the spray out of Van Hoesen's hand, at which point Van Hoesen ordered Spells to lie on his bed face down, and he complied. (*Id.* ¶ 14.) Spells' cell door then opened—on information and belief, it was Smith who opened it, (*id.* ¶ 15)—and Spells was sprayed again, handcuffed, and then brutally assaulted by Van Hoesen, Puglisi, Butterfield, and John Doe Correction Officers, (*id.* ¶ 16). He was then taken to an intake cell and again sprayed and assaulted. (*Id.* ¶ 17.) Spells "was taken to Ellis Hospital, where correction officers continued to mistreat him, and he was diagnosed with multiple hematomas, abrasions[,] and cuts about his face and body." (*Id.* ¶ 18.) In an effort to cover up the assault, defendants initiated a felony accusatory instrument against Spells for assault. (*Id.* ¶ 19.)

**B.   <u>Procedural History</u>**

Spells filed his complaint on June 7, 2018. (*Id.*) He alleges two causes of action: the first, an Eighth Amendment violation, (*id.* ¶¶ 26-29), and the second, a malicious prosecution claim, (*id.* ¶¶ 30-36). Defendants filed the pending motion to dismiss on August 9, 2018. (Dkt. No. 8.)

### III. Standard of Review

The standard of review under Fed. R. Civ. P. 12(b)(6) is well settled and will not be repeated here. For a full discussion of the standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

### IV. Discussion

**A.    Spells' Eighth Amendment Claim**

Defendants argue that Spells' first cause of action must be dismissed because no viable conspiracy claim exists. (Dkt. No. 8, Attach. 1 at 3-4.) In response, Spells clarifies that he did not bring a conspiracy claim but rather a claim for a violation of his Eighth Amendment rights. (Dkt. No. 9 at 1-2.) Thus, defendants' argument—which focuses solely on the viability of a conspiracy claim—is not a valid basis for granting dismissal.

Defendants' only other argument regarding the first cause of action is that Spells "fails to show that Smith knew an alleged assault would occur

4

when he opened the cell gate" and "fails to create a factual link between Smith opening the gate and knowing what would occur." (Dkt. No. 8, Attach. 1 at 4.) But the court agrees with Spells that he has plausibly pleaded a factual link between Smith opening the door and the assault continuing inside the cell. (Dkt. No. 9 at 2-3.) That is, Spells alleges that, "[o]n information and belief,[3] . . . Smith cracked open . . . Spells' cell door from the control area." (Compl. ¶ 15.) Spells also alleges that "Smith facilitated the assault by opening [his] cell door and allowing the other defendants to enter the cell and assault [him]." (*Id.* ¶ 27.) Moreover, Spells alleges that "[t]he defendants assisted each other in performing the various actions [alleged] and lent their physical presence and support and the authority of their office to each other." (*Id.* ¶ 23.) This portion of defendants' motion is therefore denied.

It should be noted that defendants made a number of additional arguments in their reply in support of their motion to dismiss, including lack of personal involvement, (Dkt. No. 10 at 2), and lack of deliberate indifference, (*id.* at 3-5). However, as these arguments were raised for the

---

[3] In their motion to dismiss, defendants do not make an argument regarding the fact that this allegation is made on information and belief. (*See generally* Dkt. No. 9.)

5

first time in a reply brief, the court will not consider them at this time. *See Jackson v. Infitec, Inc.*, 5:15-cv-894, 2018 WL 679474, at *3 n.8 (N.D.N.Y. Feb. 1, 2018).

**B.     Spells' Malicious Prosecution Claim**

In their motion to dismiss, defendants argue that Spells' malicious prosecution claim fails because Spells admits that he has not received an adjudication in his favor regarding the criminal assault claim against him. (Dkt. No. 8, Attach. 1 at 4-5.) In response, Spells "agrees to dismiss his malicious prosecution [cause of action] without prejudice given there has been no disposition of the criminal case." (Dkt. No. 9 at 3.) In their reply, defendants apparently acquiesce—they state that "[p]laintiff concedes to dismissal of his [s]econd [c]ause of [a]ction alleging malicious prosecution." (Dkt. No. 10 at 1.) Given that defendants do not object to (or otherwise argue about) a without prejudice dismissal, and, at the time of his response, Spells could have amended his pleading once as a matter of course under Fed. R. Civ. P. 15(a)(1)(B), the court dismisses the second cause of action without prejudice.[4]

---

[4] Defendants also argues that Spells' state law claims must be dismissed because he did not allege that a notice of claim was served.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the Clerk amend the caption by changing the name of defendant Officer James Puglisi to Officer Joseph Puglisi; and it is further

**ORDERED** that defendants' motion to dismiss (Dkt. No. 8) is **GRANTED IN PART** and **DENIED IN PART** as follows:

> **GRANTED** as to Spells' second cause of action (Compl. ¶¶ 30-36) such that it is **DISMISSED WITHOUT PREJUDICE**; and
>
> **DENIED** in all other respects; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 29, 2019
Albany, New York

Gary L. Sharpe
U.S. District Judge

---

(Dkt. No. 8, Attach. 1 at 5-6.) However, Spells clarified that he brought no state law claims, (Dkt. No. 9 at 4), so this point is moot.