UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES SPELLS,

                             **Plaintiff,**

                             v.

SERGEANT KRISTOPHER VAN
HOESEN et al.,

                             **Defendants.**

                                                    9:18-cv-669
                                                    (GLS/TWD)

_____

**APPEARANCES:**                             **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Stoll, Glickman & Bellina, LLP               LEO GLICKMAN, ESQ.
5030 Broadway - Suite 652
New York, NY 10034

**FOR THE DEFENDANT:**
Goldberg Segalla, LLP                        JONATHAN M. BERNSTEIN,
8 Southwoods Boulevard, Suite 300            ESQ.
Albany, NY 12211-2526                        MARIA K. DYSON, ESQ.

**Gary L. Sharpe**
**Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

    Plaintiff James Spells commenced this action pursuant to 42 U.S.C. § 1983 against Sergeant Kristopher Van Hoesen, Officer Jason Butterfield, Officer Joseph Puglisi, Officer Nicholas J. Smith, and numerous John Doe

defendants,[1] alleging excessive force in violation of the Eighth Amendment and malicious prosecution in violation of the Fourth Amendment. (Am. Compl., Dkt. No. 18.) Defendants now move for partial summary judgment on Spells' malicious prosecution claim, all claims against Smith, and Spells' prayer for punitive damages. (Dkt. No. 45.) For the reasons that follow, defendants' motion is granted in part and denied in part.

## II. Background

### A. Facts[2]

At the relevant time, Spells, who is serving a life sentence for first degree murder, was temporarily housed at the Schenectady County Jail because he was scheduled to attend a hearing in Schenectady County regarding a post-conviction motion. (Defs.' Statement of Material Facts (SMF) ¶¶ 1-3, Dkt. No. 45, Attach. 16.) When Spells arrived at the Schenectady County Jail, per the jail's policy, he was placed on

---

[1] The John Doe defendants have yet to be identified by Spells, and, thus, are hereby dismissed from the action. *See Sachs v. Cantwell*, No. 10 Civ. 1663, 2012 WL 3822220, at *10 (S.D.N.Y. Sept. 4, 2012) ("The Court dismisses John Doe [defendants] from the case without prejudice for failure to prosecute, as [p]laintiff did not identify the John Doe [d]efendants by the end of discovery.").

[2] Unless otherwise noted, the facts are not in dispute.

"administrative lock-in status," and was "locked in [his] cell with limited privileges, while facility staff evaluated [him] for security concerns." (*Id.* ¶ 4.) The housing unit Spells was placed in was "locked in" when he arrived at the jail. (*Id.* ¶ 6) While there is a dispute about the reason for the lock in, both parties agree that it was related to the smell of marijuana in the unit. (*Id.*; Pl.'s SMF ¶ 6, Dkt. No. 47.)

After Spells was placed in his cell, Van Hoesen walked past and Spells asked why he was not allowed to leave his cell because "he just arrived." (Defs.' SMF ¶ 7.) An argument between Spells and Van Hoesen ensued, although, the substance of the argument and who instigated it is disputed. (*Id.* ¶¶ 8-10; Pl.'s SMF ¶ 8-10.) Defendants assert that Spells "raised his voice, argued with and cursed at Van Hoesen," threatened Van Hoesen by stating he had done thirty years in state prisons and that "nothing that [Van Hoesen] said would scare him," and told Van Hoesen to "step off." (Defs.' SMF ¶¶ 8-10.) Spells admits that he raised his voice and argued with Van Hoesen, but asserts that he did so only in response to Van Hoesen's aggressiveness and his challenge to fight Spells. (Pl.'s SMF ¶ 8-10.)

At one point during the argument, Van Hoesen pepper sprayed

Spells. (Defs.' SMF ¶ 12.) According to jail procedure, Spells was required to be removed from his cell for decontamination, and, in order to be removed, Spells was required to lie face down with his hands behind his back. (*Id.* ¶¶ 11-12.) Instead of immediately laying down, Spells reached out of his cell, attempting to knock the pepper spray from Van Hoesen's hands. (*Id.* ¶ 14.) Van Hoesen called for assistance and Officers Butterfield and Puglisi responded along with others. (*Id.* ¶¶ 15-16.) Van Hoesen instructed Officer Smith to open Spells' cell from the lock box located approximately thirty feet away, and Smith complied. (*Id.* ¶¶ 17, 19, 21.)

According to defendants, when Van Hoesen, Butterfield, Puglisi, and other unidentified officers entered Spells' cell, he was laying face-down on his bunk but after Puglisi secured one handcuff around Spells' wrist, Spells jumped up on his bunk and began striking the officers with the cuff. (Dkt. No. 45, Attach. 5 at 29-31; Dkt. No. 45, Attach. 6 at 53-55; Dkt. No. 45, Attach. 9 at 66-68.) Spells disputes this narrative, asserting that when he was laying on the bunk, one of the officers began punching him in the head and that his subsequent actions were in self-defense. (Dkt. No. 45, Attach. 8 at 55-58.) It is undisputed, however, that a physical altercation occurred

between the parties and that Spells, Van Hoesen, Butterfield, and Puglisi all sustained injuries as a result. (Def.'s SMF ¶ 23; Dkt. No. 48, Attach. 2 at 11.[3]) Spells was indicted on six counts of assault related to the incident, but was found not guilty at trial. (Def.'s SMF ¶ 25; Dkt. No. 45, Attach. 11; Dkt. No. 45, Attach. 8 at 53.)

**B.  Procedural History**

Spells filed his complaint in June 2018, alleging an Eighth Amendment violation and a malicious prosecution claim. (Dkt. No. 1.) Defendants moved to dismiss the complaint, (Dkt. No. 8), and the motion was granted to the extent that Spells' malicious prosecution claim was dismissed without prejudice, (Dkt. No. 12). Spells filed an amended complaint, reasserting his malicious prosecution claim, (Dkt. No. 18), and defendants now move for partial summary judgment, (Dkt. No. 45).

### III.  Standard of Review

The standard of review under Fed. R. Civ. P. 56 is well settled and will not be repeated here. For a full discussion of the governing standard, the court refers the parties to its prior decision in *Wagner v. Swarts*, 827 F. Supp. 2d 85, 92 (N.D.N.Y. 2011), *aff'd sub nom. Wagner v. Sprague*, 489

---

[3] Citation refers to the pagination generated by CM/ECF, the Court's electronic filing system.

5

F. App'x 500 (2d Cir. 2012).

## IV. Discussion

### A. Malicious Prosecution[4]

Defendants move for summary judgment on Spells' malicious prosecution claim, arguing, among other things, that the indictment creates a presumption of probable cause, which Spells cannot rebut, defeating his malicious prosecution claim. (Dkt. No. 45, Attach. 15 at 11-14.) Spells contends that he has rebutted the presumption of probable cause through his testimony, along with the medical records documenting minimal injuries to Van Hoesen, Butterfield, and Puglisi and severe injuries to him, which are not corroborative of the officers' "portrayal of the struggle" and is indicative of "a malicious cover up." (Dkt. No. 48 at 7-10.)

To succeed on a claim of malicious prosecution pursuant to Section 1983, the plaintiff must demonstrate "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding;

---

[4] Defendants also assert that they are entitled to qualified immunity with respect to Spells' malicious prosecution claim. (Dkt. No. 45, Attach. 15 at 17-20.) Because defendants are entitled to summary judgment on this claim, as detailed below, the court need not reach this argument.

and (4) actual malice as a motivation for defendant's actions." *Manganiello v. City of New York*, 612 F.3d 149, 160-161 (2d Cir. 2010) (Internal quotation marks and citations omitted). "The existence of probable cause is a complete defense to a claim of malicious prosecution." *Dufort v. City of New York*, 874 F.3d 338, 351 (2d Cir. 2017) (internal quotation marks and citation omitted). "A grand jury indictment creates a presumption of probable cause that can only be overcome by evidence that the indictment was the product of fraud, perjury, the suppression of evidence . . . , or other . . . conduct taken in bad faith." *Thorpe v. Duve*, No. 7:15-cv-736, 2020 WL 5763941, at *4 (N.D.N.Y. Sept. 28, 2020) (internal quotation marks and citation omitted). To rebut this presumption, the plaintiff must provide evidence beyond his version of events sufficient to "establish[] that the [defendant] witnesses have not made a complete and full statement of facts . . . that they have misrepresented or falsified evidence . . . or otherwise acted in bad faith." *Boyd v. City of New York*, 336 F.3d 72, 76 (2d Cir. 2003) (internal quotation marks and citation omitted); *see Brandon v. City of New York*, 705 F. Supp. 2d. 261, 273 (S.D.N.Y. 2010).

Here, Spells cannot rebut the presumption of probable cause created by the indictment charging him with assault, (Defs.' SMF ¶¶ 24-25),

because the evidence he points to in addition to his own testimony does not indicate "that the grand jury was defrauded or that its integrity was undermined," *Bertuglia v. City of New York*, 133 F. Supp. 3d 608, 627 (S.D.N.Y. 2015).  Spells provided a complete copy of Van Hoesen's grand jury testimony, portions of Butterfield and Puglisi's grand jury testimony, and the medical records documenting the injuries they all sustained.  (Dkt. No. 48, Attachs. 2, 3, 5, 6, 7, 8.)  While true that Spells sustained more severe injuries than Van Hoesen, Butterfield, and Puglisi, the medical records are consistent with each officer's grand jury testimony about their injuries, and Spells does not point to any evidence in the record, apart from his own testimony, that would indicate his grand jury indictment was procured by fraud, perjury, suppression of evidence, or bad faith.  *See Thorpe*, 2020 WL 5763941, at *4.  Accordingly, defendants are entitled to summary judgment on Spells' malicious prosecution claim.[5]

---

[5] An additional independent basis exists for summary judgment with respect to Smith.
Defendants argue that Smith did not initiate the prosecution against Spells because Spells' "only complaint about Smith is that he wrote a false misbehavior report against him," and that a misbehavior report does not amount to a constitutional violation.  (Dkt. No. 45, Attach. 15 at 10-11.)  Spells does not respond to this argument.  "When a non-movant fails to oppose a legal argument asserted by a movant, the movant may succeed on the argument by showing that the argument possess facial merit, which has appropriately been characterized as a 'modest' burden."  *Rehkugler v.*

8

## B. <u>Excessive Force</u>

Defendants seek summary judgment with respect to Spells' excessive force claim against Smith because Smith did not "have any physical interaction with [Spells]," nor did Smith have a realistic opportunity to intervene, because "at the time of these events," Smith was stationed thirty feet away and "could not abandon his post without placing the safety and security of the facility at risk." (Dkt. No. 45, Attach. 15 at 15-16.) Spells counters that issues of fact preclude summary judgment. Specifically, Spells points to the fact that, although defendants argue that Smith never entered Spells' cell, video footage shows Smith entering the cell approximately twenty-six seconds after Van Hoesen, Butterfield, Puglisi and other officers entered, which according to testimony from Van Hoesen and Puglisi about the duration of the altercation, would have placed Smith in the cell during the physical struggle. (Dkt. No. 48 at 11; Dkt. No. 45, Attach. 6 at 67:6-14; Dkt. No. 45, Attach. 9 at 81:23-82:5; Dkt.

---

*Aetna Life Ins. Co.,* No. 516-CV-0024, 2017 WL 3016835, at *13 (N.D.N.Y. July 14, 2017) (citing N.D.N.Y. L.R. 7.1(b)(3) (other citations omitted)). Defendants' argument has facial merit, and, thus, defendants' motion for summary judgment with respect to the malicious prosecution claim against Smith is granted. *See Cusamano v. Sobek,* 604 F. Supp. 2d 416, 435-46 (N.D.N.Y. 2009) (finding that a false misbehavior report alone cannot "constitute a violation of the United States Constitution").

9

No. 46, Ex. A.)

Incarcerated individuals enjoy Eighth Amendment protection against the use of excessive force, and may recover damages under 42 U.S.C. § 1983 for a violation of those rights. *See Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992). The Eighth Amendment's prohibition against cruel and unusual punishment precludes the "unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (citations omitted); *see Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000) (citation omitted). Additionally, an officer's failure to intervene during another officer's use of excessive force can itself constitute an Eighth Amendment violation, unless the assault is "sudden and brief," and the defendant had "no real opportunity to prevent it." *See Cusamano v. Sobek*, 604 F. Supp. 2d 416, 428 n.9 (N.D.N.Y. 2009) (citations omitted).

Here, there is a dispute regarding whether Smith had a realistic opportunity to intervene and, thus, Smith is not entitled to summary judgment with respect to Spells' excessive force claim. Although defendants incorrectly assert that Smith never entered the cell, the video footage showing Smith entering Spells' cell twenty-six seconds after the other officers first entered and remaining inside the cell for over one

minute, (Dkt. No. 45, Attach. 7 at 89:2-7; Dkt. No. 46, Ex. A), coupled with Puglisi's testimony that the struggle was still on-going when Smith entered the cell, indicates that Smith could have had a realistic opportunity to intervene. *See Russo v. Warren County*, No. 1:12-CV-1616, 2016 WL 843373, at *2 (N.D.N.Y. Mar. 1, 2016) (concluding that a reasonable jury could find that defendant's forty-second presence while the alleged constitutional violation was occurring constituted a realistic opportunity to intervene).

## C.   Punitive Damages

Finally, defendants argue that they are entitled to summary judgment on Spells' prayer for punitive damages because there is insufficient evidence in the record that defendants acted with actual malice. (Dkt. No. 45, Attach. 15 at 20-21.) Spells contends that issues of fact preclude summary judgment with respect to punitive damages and that a jury could conclude that the defendants acted with malice. (Dkt. No. 48 at 13.)

"Punitive damages may be awarded when the plaintiff has shown that defendant's conduct was motivated by evil motive or intent, or when it involves callous indifference to federally protected rights of others." *Picciano v. McLoughlin*, 723 F. Supp. 2d 491, 506 (N.D.N.Y. 2010)

(internal quotation marks and citations omitted). "Generally, the issue of whether to award punitive damages is an issue for the jury to decide based on an evaluation of the plaintiff's proof of sufficiently serious misconduct." *Id.* (internal quotation marks and citations omitted).

In this case, defendants have not met their burden of demonstrating that "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). While defendants' version of events indicates that force was necessary to restrain Spells, at this stage, construing all inferences in the light most favorable to Spells, a jury could reasonably find that Spells was compliant and officers began punching Spells without justification. Thus, defendants' motion for summary judgment on Spells' prayer for punitive damages is denied.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion for partial summary judgment (Dkt. No. 45) is **GRANTED IN PART** and **DENIED IN PART** as follows:

> **GRANTED** as to Spells' malicious prosecution claim against all defendants;
>
> **DENIED** as to Spells' claim for excessive force against Smith;

and Spells' prayer for punitive damages; and it is further

**ORDERED** that this case is deemed trial ready and a scheduling order will be issued in due course; and it is further; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

December 12, 2022
Albany, New York

*Gary L. Sharpe*
Gary D. Sharpe
U.S. District Judge